UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AARON LAMONT STRIBLING,
Plaintiff,

v.

CORRECTIONAL OFFICER BROWN, et al.,
Defendants.

Case No. 15-cv-03337-YGR (PR)

**ORDER OF PARTIAL DISMISSAL AND SERVICE**

Plaintiff, a state prisoner currently incarcerated at California State Prison - Sacramento has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 stemming from constitutional violations that took place at Salinas Valley State Prison ("SVSP"), where he was previously incarcerated. He alleges claims of excessive force as well as deprivation of food for two days in December 2013.[1] Dkt. 1 at 3.

Plaintiff has filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order.

Venue is proper because the events giving rise to the claim are alleged to have occurred at SVSP which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants: SVSP Sergeant Poodry; and SVSP Correctional Officers Brown, Giudino, Rodriguez, Aldaino, Picazo, Franco, Aragon, Baez and Valles. Plaintiff seeks monetary damages.

**DISCUSSION**

**I. STANDARD OF REVIEW**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

[1] Plaintiff contends he attempted to file an administrative appeal on his claims, but he "never got an appeal number and it was never processed." Dkt. 1 at 1-2. It thus appears he has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). If the allegation that his appeal was not processed is true, however, it may be that administrative remedies were not "available" within the meaning of the statute. This is an issue better resolved at a later stage of the case.

United States District Court
Northern District of California

§ 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements, namely that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. LEGAL CLAIMS

### A. Excessive Force

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by guards. Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 317 (1986)).

Plaintiff alleges that on December 23, 2013, he was subjected to excessive force by Defendants Picazo, Franco, Valles, Aragon and Poodry. Specifically, Plaintiff alleges that the aforementioned Defendants "came with a shield [and] signaled [Defendant] Baez to open the door to [Plaintiff's] cell." Dkt. 1 at 3. Plaintiff alleges that "they all came in [his cell] and started punching on [him]." *Id.* He adds that "they didn't have a video camera or a captain present during the cell extraction." *Id.*

Liberally construed, Plaintiff's complaint states a cognizable Eighth Amendment claim against Defendants Picazo, Franco, Valles, Aragon, and Poodry, as well as a claim of failure to intervene against Defendant Baez.

### B. Denial of Food

Plaintiff alleges that he was denied food by Defendants Brown, Giudino, Rodriguez and Aldaino on December 22 and 23, 2013. However, Plaintiff has not provided sufficient facts to

state a claim for relief under the Due Process Clause of the Fourteenth Amendment or even under the Eighth Amendment. The Due Process Clause of the Fourteenth Amendment protects individuals against governmental deprivations of "life, liberty or property," as those words have been interpreted and given meaning over the life of our republic, without due process of law. *Board of Regents v. Roth*, 408 U.S. 564, 570-71 (1972); *Mullins v. Oregon*, 57 F.3d 789, 795 (9th Cir. 1995). The denial of food amounts to an Eighth Amendment violation if a prisoner is not given food that is adequate to maintain the prisoner's health. *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996).

Plaintiff alleges that he was denied food on December 22 and 23, 2013. However, he has failed to allege sufficiently that being denied food by Defendant on those two days violated his due process rights or his Eighth Amendment rights. Plaintiff alleges that Defendants' justification for denying him food was because he had withheld his tray after complaining about missing items at breakfast on December 22, 2013. Dkt. 1 at 3. Plaintiff claims that Defendants "could have served me food in paper bags by they didn't the next day 12-23-13." *Id.* However, conclusory allegations of culpability do not suffice. *See Keenan*, 83 F.3d at 1091. In addition, while adequate food is a basic human need protected by the Eighth Amendment, *see id.*, the denial of food for two days in this case does not present a sufficiently serious condition to meet the objective prong of the Eighth Amendment deliberate indifference analysis. *See, e.g., Foster v. Runnels*, 554 F.3d 807, 812 n.1 (9th Cir. 2009) (denial of two meals over nine-week period was not sufficiently serious to meet objective prong of Eighth Amendment deliberate indifference); *cf. id.* at 812 (denial of sixteen meals over twenty-three days was "sufficiently serious deprivation because food is one of life's basic necessities"). Therefore, the Court finds that Plaintiff's allegations in his complaint relating to the denial of food fail to state a cognizable claim of a violation of his constitutional rights. The Court DISMISSES Plaintiff's claim relating to the denial of food against Defendants Brown, Giudino, Rodriguez and Aldaino.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable Eighth Amendment claim for the use of excessive force

United States District Court
Northern District of California

against Defendants Picazo, Franco, Valles, Aragon, Poodry and Baez.

2. The Court DISMISSES Plaintiff's claim relating to the denial of food against Defendants Brown, Giudino, Rodriguez and Aldaino.

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1) and a copy of this Order to the following Defendants: **SVSP Sergeant Poodry; and SVSP Correctional Officers Picazo, Franco, Valles, Aragon and Baez.** The Clerk shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, Defendants will be required to bear the cost of such service unless good cause be shown for the failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

5. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than **sixty (60) days** from the date their answer is due, Defendants

United States District Court
Northern District of California

shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

United States District Court
Northern District of California

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

d. Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

7. All communications by Plaintiff with the Court must be served on Defendants or Defendants' counsel, once counsel has been designated, by mailing a true copy of the document to them.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

9. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated: January 13, 2016

YVONNE GONZALEZ ROGERS
United States District Judge