**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **AARON LAMONT STRIBLING,**<br>Plaintiff**,**<br>vs.<br>**PICAZO, ET AL.,**<br>Defendants**.** | CASE NO. 15-cv-03337-YGR<br><br>**ORDER DENYING MOTION FOR AN INTRADISTRICT TRANSFER**<br>Re: Dkt. No. 60 |

On December 19, 2017, defendants Aragon, Franco, Picazo, Poodry, and Valles ("defendants") filed a motion for an intradistrict transfer to the San Jose Division of the Northern District of California pursuant to Local Rule 3-2(h). (Defendants' Motion for an Intradistrict Transfer to the San Jose Division, Dkt. No. 60 ("Transfer Motion").) Plaintiff opposed the motion. (Plaintiff's Opposition to Defendants' Motion for an Intradistrict Transfer to the San Jose Division, Dkt. No. 69 ("Plaintiff's Opposition").)

Having carefully considered the briefing and evidence submitted and the record in this case, and for the reasons stated herein, the Court **DENIES** defendants' motion.

**I.    RELEVANT BACKGROUND**

Plaintiff, a state prisoner currently incarcerated at California State Prison - Sacramento ("CDCR (SAC)"), filed the underlying complaint in this action on July 20, 2015, alleging claims of excessive force and for failure to intervene in the use of excessive force by others in connection with an incident that occurred in December 2013 at Salinas Valley State Prison, where he was previously incarcerated. (Dkt. No. 1.) After the Court issued its order of partial dismissal on January 13, 2016 (Dkt. No. 4), defendants deposed plaintiff and subsequently filed a motion for summary judgment on August 29, 2016 (Dkt. No. 18). On March 14, 2017, the Court granted defendants' motion as to plaintiff's Eighth Amendment claim against defendant Baez and denied

1  the motion as to plaintiff's Eighth Amendment claim against defendants Aragon, Franco, Picazo,
2  Poodry, and Valles. (Dkt. No. 37.) Following an unsuccessful settlement conference on May 31,
3  2017, the Court referred the matter to the Federal Pro Bono Project. (Dkt. No. 45.) On July 10,
4  2017, the Court appointed counsel, imposed a four-week stay, and set a case management
5  conference for October 2, 2017. (Dkt. No. 46.) At the case management conference, the Court set
6  trial for June 11, 2018. (Dkt. No. 53.)

## II. LEGAL FRAMEWORK

Although not cited by defendants, the statute governing intradistrict transfers is 28 U.S.C. section 1404(b). Section 1404(b) states in relevant part: "Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." 28 U.S.C. § 1404(b). Intradistrict transfers pursuant to 28 U.S.C. section 1404(b) are discretionary transfers subject to the same analysis as under 28 U.S.C. section 1404(a), which governs interdistrict transfers. *See Cheval Farm LLC v. Chalon*, No. CV-10-01327-PHX-ROS, 2011 WL 13047301, at *2 (D. Ariz. Jan. 19, 2011); *see also Zanghi v. FreightCar Am., Inc.*, 38 F. Supp. 3d 631, 643 (W.D. Penn. 2014).

Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The purpose of section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation marks omitted). "A motion for transfer lies within the broad discretion of the district court and must be determined on an individualized basis." *Sierra Club v. U.S. Dep't of State*, No. 09-CV-4086-SI, 2009 WL 3112102, at *2 (N.D. Cal. Sept. 23, 2009).[1]

---

[1] Civil Local Rule 3-2(h) provides:

Whenever a Judge finds, upon the Judge's own motion or the motion of any party, that a civil action has not been assigned to the proper division within this district in

2

To support a motion for transfer, the moving party must show: "(1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). Once venue is found proper in both divisions, courts evaluate the following factors to determine whether a transfer would be appropriate: "(1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with the applicable law; (6) feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum." *Sierra Club*, 2009 WL 3112102, at *2 (citing *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001)).

## III. DISCUSSION

As an initial matter, the parties do not dispute that venue is proper in the Northern District of California or that, pursuant to Civil Local Rule 3-2(c), the matter could have been assigned to either the San Jose or Oakland divisions. Namely, because the nature of plaintiff's prisoner civil rights action called for a "district-wide" assignment under Civil Local Rule 3-2(c), the parties appear to agree that plaintiff did not choose the Oakland Division. Civ. L.R. 3-2(c). The Court evaluates the remaining relevant factors below.

### A. Convenience of the Parties

Defendants note that all five of them are correctional officers who currently work at Salinas Valley State Prison. According to defendants, they all plan to attend all days of the trial personally and testify on their own behalf. All five defendants live south of San Jose and over 100 miles from the Oakland Courthouse, but only four argue that their attendance at a trial extending

---

accordance with this rule, or that the convenience of parties and witnesses and the interests of justice will be served by transferring the action to a different division within the district, the Judge may order such transfer, subject to the provisions of the Court's Assignment Plan.

Civ. L.R. 3-2(h).

3

five to six days would require them to stay in Oakland overnight and would be "severely disruptive to their daily personal responsibilities." (Transfer Motion at 2.) Defendants further aver that the convenience of plaintiff does not factor into the transfer calculus because it cannot be determined at this time whether the Oakland Division is more convenient for plaintiff than the San Jose Division.[2] Plaintiff responds that a transfer of the case to the San Jose Division would inconvenience plaintiff and his attorneys and would "merely trade[] one party's convenience for another." (Plaintiff's Opposition at 3.) Namely, according to plaintiff, he would have to travel 40 miles further to get from CDCR (SAC) to the San Jose Division, and his attorneys would have to travel 48 miles further. Aside from increased travel time, plaintiff argues that a transfer to the San Jose Division would also increase expenses.

Based on the record before the Court, which defendants concede does not indicate that litigating this matter in the San Jose Division would not be inconvenient for plaintiff, the Court cannot conclude that defendants have met their burden of establishing the balance of inconveniences weighs highly in favor of transfer. Moreover, to the extent that transferring the case to the San Jose Division at this late juncture would merely shift the inconvenience from defendants to plaintiff, as defendants apparently concede,[3] this is not an appropriate basis for transfer.[4]

---

[2] Citing the declaration of A. Johnson, a Correctional Counselor III at CDCR (SAC), defendants contend that it is unclear where plaintiff will be housed at the time of trial and what institution may be responsible for interim housing and transport of plaintiff during trial. (*See* Defendants' Reply ISO Transfer Motion, Dkt. No. 74 at 3; Declaration of A. Johnson ISO Transfer Motion, Dkt. No. 60-7 at ¶¶ 7–9.)

[3] In an apparent "minimization of [plaintiff's] preferences," defendants argue that "CDCR will transport Plaintiff to trial wherever trial may occur . . . ." (Plaintiff's Opposition at 3; Transfer Motion at 5.) In other words, defendants concede that a transfer to the San Jose Division would shift the inconvenience from themselves to plaintiff, but they treat the CDCR's transportation services during trial as discounting the added inconvenience to plaintiff.

[4] *See Fekrat v. United States*, 13-CV-00594-MMM (PJWx), 2013 WL 12131739, at *3 (C.D. Cal. May 6, 2013) ("[T]ransferring venue would merely shift the costs of traveling and litigation at a distance from defendants to [plaintiff]. This is not an appropriate basis for transfer."); *Decter v. MOG Sales, LLC*, No. 2:06-CV-1738-MCE-GGH, 2006 WL 3703368, at *2 (E.D. Cal. Dec. 14, 2006) (explaining "[t]his factor should favor the non-moving party if it merely shifts inconveniences from the defendants to the plaintiffs" and concluding that it weighed against transfer "based on the presumption supporting the non-moving party"); *DIRECTV, Inc. v EQ Stuff, Inc.*, 207 F. Supp. 2d 1077, 1083–84 (C.D. Cal. 2002) (a transfer of venue is generally

4

Because it appears that neither defendants nor plaintiff can assess the inconvenience that a transfer of the case to the San Jose Division would pose on plaintiff, this factor, which weighs the convenience of *both* parties, has no bearing and is neutral.

### B. Convenience of the Witnesses

Echoing their arguments concerning convenience of the parties, defendants contend that a trial in San Jose is more convenient for the five non-party witnesses who may be called to testify than a trial in Oakland because all five witnesses live south of San Jose and over 100 miles from the Oakland Courthouse. (*See* Declaration of Allison M. Low ISO Transfer Motion, Dkt. No. 60-1 at ¶ 2 ("Low Declaration").) Plaintiff is silent as to this factor.

The convenience of witnesses is often the most important factor in determining whether a section 1404 transfer is appropriate. *See Fekrat*, 2013 WL 12131739, at *3; *see also, e.g., Martin v. Global Tel\*Link Corp.*, No. 15-CV-00449-YGR, 2015 WL 2124379, at *4 (May 6, 2015) ("The convenience to the witnesses is the most important factor in a section 1404(a) analysis, and the convenience of non-party witnesses is more important than the convenience of the parties."). Courts accord "less weight to the inconvenience of *party* witnesses, however, as they can be compelled to testify regardless of the forum in which the lawsuit is litigated." *Fekrat*, 2013 WL 12131739, at *3 (emphasis in original); *see also, e.g., Martin*, 2015 WL 2124379, at *4 (discounting inconvenience of witnesses who were employees of one of the parties because they could be compelled to testify); *Applied Elastomerics, Inc. v. Z-Man Fishing Prods., Inc.*, No. C 06-2469 CW, 2006 WL 2868971, at *4 (N.D. Cal. Oct. 6, 2006) (same).

"[I]f the [requested] transfer is for the convenience of witnesses, [the] defendant must name the witnesses it wishes to call, the anticipated area of their testimony and its relevance, and the reasons why the present forum would present a hardship to them." *Bohara v. Backus Hosp. Med. Benefit Plan*, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005); *see also Royal Queentex Enters. v. Sara Lee Corp.*, No. C-99-4787-MJJ, 2000 WL 246599, at *6 (N.D. Cal. Mar. 1, 2000) ("To demonstrate inconvenience, the moving party should produce information regarding the identity

inappropriate if it merely "shift[s] the costs of litigation" from defendants to plaintiff).

5

and location of the witnesses, the content of their testimony, and why such testimony is relevant to the action . . . .") (internal quotation marks omitted).

Accordingly, the Court discounts this factor as to the five party witnesses identified in defendants' motion to the extent they may be compelled to testify. (*See* Transfer Motion at 3–4.) As to the five non-party witnesses (and the party witnesses, for that matter), defendants have failed in multiple respects to provide the necessary showing of inconvenience to warrant transfer of this case. First, defendants have failed to explain what the non-party witnesses' specific testimony will be, how that testimony will be relevant to the case, or even the length of the testimony. Instead, defendants generally assert that "[t]hese witnesses responded to the incident and may testify about their involvement, their observations of Defendants' actions, and their observations of Plaintiff's injuries, if any." (Transfer Motion at 4.) Moreover, they state, "[t]he registered nurse also evaluated Plaintiff's complaints of pain in the days following the incident." (*Id.*) Second, with respect to the alleged inconvenience on the non-party witnesses of proceeding in the Oakland Division, defendants' counsel merely states: "I am informed that the officer witnesses currently work at Salinas Valley and the registered nurse does not. I am informed that all of these witnesses live south of San Jose and over 100 miles from the Oakland Courthouse . . . ." (Low Declaration at ¶ 2.) These cursory assertions are not sufficient to satisfy defendants' burden of demonstrating with particularity that the San Jose Division is more convenient for the non-party witnesses who may testify at trial.

This factor therefore weighs against transfer.

**C.   Ease of Access to the Evidence**

Defendants assert that "the majority (if not all) documentary evidence in this matter is located at Salinas Valley State Prison in the San Jose Division where the incident giving rise to this action occurred." (Transfer Motion at 4.) Plaintiff counters that relevant documentary evidence has been produced electronically and requires no physical access to Salinas Valley State Prison and that the parties will likely stipulate to the authenticity of documents produced during discovery. (*Id.*)

The location of evidence may be an important factor in a convenience and fairness

6

analysis. *See Martin*, 2015 WL 2124379, at *5. However, this factor is neutral or carries only minimal weight when the evidence is in electronic form. *See, e.g., Sarinara v. DS Waters of Am. Inc.*, No. C-13-0905-EMC, 2013 WL 3456687, at *2 (N.D. Cal. July 9, 2013) (finding ease of access to evidence to be a neutral factor "given the availability of digital records"); *Friends of Scot. Inc. v. Carroll*, No. C-12-01255-WHA, 2013 WL 1192956, at *3 (N.D. Cal. Mar. 22, 2013) ("[W]ith technological advances in document storage and retrieval, transporting documents does not generally create a burden.") (internal quotation marks omitted). Moreover, "if the motion is based on the location of records and documents, the movant must show particularly the location, difficulty of transportation, and the importance of such records." *Bohara*, 390 F. Supp. 2d at 963.

Defendants have failed to make such a showing, instead supporting their motion with mere conclusory allegations as to ease of access to the evidence. (*See* Transfer Motion at 5.) Moreover, the physical evidence in this case seems to consist of documentary evidence which may be electronically obtained or transferred. Thus, defendants have not established that the location of evidence weighs strongly in favor of transfer to the San Jose Division.

Accordingly, this factor, even with minimal weight, does not support transfer.

### D. Local Interest in the Controversy

Defendants argue that the San Jose Division has a local interest in the controversy because the incident giving rise to this action occurred "entirely within the San Jose Division at Salinas Valley State Prison." (Transfer Motion at 6.) Plaintiff has not contested this.

Courts often find that this factor favors transfer where the events giving rise to the plaintiff's claims occurred in the proposed transferee district. *See, e.g., Branch v. Umphenour*, No. 1:08-cv-01655-SAB (PC), 2016 WL 7491629, at *4 (E.D. Cal. Dec. 29, 2016) ("Since the incident in this action occurred in the Fresno Division, the local interests in having the controversy decided would be in the Fresno Division."); *Vu v. Ortho-McNeil Pharma., Inc.*, 602 F. Supp. 2d 1151, 1157 (N.D. Cal. 2009) (favoring transfer because "the events giving rise to plaintiffs [sic] claims took place in the Central District of California"). However, in light of the fact that Civil Local Rule 3-2(c) exempts explicitly prisoner petitions from the rule that venue is proper in the division serving the county in which a substantial part of the events or omissions which give rise

to the claim occurred, the Court is not persuaded that this factor weighs in favor of transferring the case.[5]

Thus, the Court finds this factor to be neutral.

### E. Interests of Justice

More importantly, the interests of justice tip decidedly in favor of retaining the action in the Oakland Division. "Fairness considerations may be decisive in ruling on a transfer motion, even when convenience of witnesses and parties points the other way." *Pratt v. Rowland*, 769 F. Supp. 1128, 1133 (N.D. Cal. 1991) (citing 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3851, at 439–40 (2d ed. 1986)). Indeed, "[t]he Ninth Circuit has frequently held that a motion for transfer may properly be denied where . . . a case has been pending for some time in the original court or where a transfer would lead to delay." *Id*. (citing *Allen v. Scribner*, 812 F.2d 426, 436–37 (9th Cir. 1987), *as amended*, 828 F.2d 1445 (9th Cir. 1987); *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *Moore v. Telfon Commc'ns Corp.*, 589 F.2d 959, 968 (9th Cir. 1978)).

Plaintiff argues that, given this Court's familiarity with the case, plaintiff would be prejudiced by a transfer of the case to the San Jose Division at this late stage of the litigation. Namely, plaintiff contends that a new judge would have to become familiarized with the facts and issues of the case, which would likely cause a delay in the case and lead to duplication of judicial resources. (Plaintiff's Opposition at 2.) Defendants concede that the interests of justice factor does not favor transfer but argue that it should not be decisive. (Transfer Motion at 6.) Without reference to any case law, defendants baldly assert that because the majority of prisoner actions resolve before trial, "justice is not served by forcing the parties and the Court to argue and adjudicate the issue of trial venue before the pretrial phase when it is so rarely reached." (Transfer Motion at 6.)

---

[5] In light of this explicit exemption, defendants' argument that "this matter could have been assigned to the San Jose Division and would have been assigned there if it was not an 'exempted' action or if it had been removed from state court" is irrelevant. (*See* Transfer Motion at 2.)

8

Defendants' apparent efforts to justify their delay in seeking a transfer of the case do not persuade. There is little doubt that transferring this case to the San Jose Division this late in the litigation will result in delay to the prejudice of plaintiff. Not only has the case been pending since July 2015, but this Court has entertained various discovery and other motions, including a motion for summary judgment, and is thus considerably knowledgeable about the case. It could take a new judge in the San Jose Division, be it a magistrate or district judge, some time to familiarize him- or herself with the case, which would likely delay trial. *See E.E.O.C. v. Lockheed Martin*, Nos. 05-00479SPK/LEK, 05-00496SPK/LEK, 2007 WL 2746800, at *9 (D. Haw. Sept. 19, 2007) (where case had been pending for two years and trial was five months away, court determined interests of justice weighed "decidedly in favor of retaining the instant case"); *Pratt*, 769 F. Supp. at 1132 (where case had been pending for approximately one year and nine months in original court, the fact that court was "knowledgeable about the facts of this case, [and] any delay would cause extreme hardship to plaintiff" weighed against interests of justice).[6] A transfer to the San Jose Division would not further the interests of justice.

\\
\\
\\
\\
\\
\\
\\

---

[6] *Cf. Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1096 (N.D. Cal. 2013) (where plaintiff argued against transfer on the basis that case had been "actively and substantially litigated and [was] posed to advance in this District," court disagreed, noting "case management conference ha[d] not yet taken place, there [was] no case schedule, and no discovery ha[d] been taken"); *Agnew v. Nat'l Collegiate Athletic Ass'n*, No. C 10-04804-JSW, 2011 WL 13152860, at *4 (N.D. Cal. Feb. 22, 2011) ("The Court finds that this action has been pending on the docket for only four months and no hearings or case management conferences have been held, so that the transfer will not result in a waste of judicial resources or unnecessary duplication of effort."); *Unisys Corp. v. Access Co., Ltd.*, No. C05-33788-TEH, 2005 WL 3157457, at *6 (N.D. Cal. Nov. 23, 2005) ("The fact that the litigation has scarcely begun weighs in favor of transferring the action.").

9

## IV. CONCLUSION

On balance, the aforementioned factors do not favor a transfer of the case to the San Jose Division at this late stage of the litigation. Because defendants have not met their burden of demonstrating a strong showing to justify transferring divisional venue, their motion is **DENIED**. Venue shall remain in the Oakland Division of the Northern District of California. That said, the Court will discuss trial logistics with the parties and attempt to minimize the proffered burden on the defendants.[7]

This Order terminates Docket Number 60.

**IT IS SO ORDERED.**

Dated: January 30, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[7] Some defendants make an oblique reference in their declarations to certain "safety and security" concerns. (*See, e.g.*, Declaration of V. Franco ISO Transfer Motion, Dkt. No. 60-6 at ¶ 6.) However, those have not been communicated to the Court. The source of defendants' delay and hesitation is unknown. Requests to file information under seal are routine.

10